UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>ENVIRONMENTAL PROTECTION AGENCY 1200 Pennsylvania Avenue NW, Washington, DC 20004<br><br>*Defendant*. | CIVIL ACTION NO.  22-1173<br>**COMPLAINT** |

**PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Environmental Protection Agency ("EPA" or "Defendant") to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to EPA's development of a "working definition" of per-and polyfluoroalkyl substances (PFAS), developed by EPA's Office of Pollution Prevention and Toxics (OPPT) and employed by multiple offices.

2. PEER submitted a FOIA request in October 2021 seeking records of communications within and outside of EPA on the PFAS definition and demonstrating how OPPT

developed the "working definition." PEER's FOIA request built upon information contained on EPA websites and an EPA Notice of Proposed Rule, both of which referenced the "working definition."

3. To date, Defendant has failed to make a final determination on Plaintiff's FOIA request or to disclose to the Plaintiff all the requested documents within the time stipulated under FOIA. This complaint seeks to remedy EPA's failure to respond to a routine request within the mandated time period.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*

6. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

7. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

## PARTIES

8. Plaintiff PEER is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

9. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and

debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEEReview* newsletter.

10. Defendant EPA is an agency of the United States under 5 U.S.C. § 552(f)(1).

11. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA. Defendant's refusal to provide the Plaintiff with the records requested or make a final a determination on Plaintiff's FOIA request within 20 working days of the date of the request's submission is a violation of FOIA.

## STATEMENT OF FACTS

12. In or before June of 2021 the EPA Office of Pesticide Programs (OPP) included "the latest working definition [of PFAS] from our sister office, the Office of Pollution Prevention and Toxics (OPPT)" on its website regarding PFAS in pesticide packaging, and stated the "working definition" as: "a structure that contains the unit R-CF2-CF(R')(R"), where R, R', and R" do not equal "H" and the carbon-carbon bond is saturated (note: branching, heteroatoms, and cyclic structures are included)."

13. On June 28th, 2021, the EPA published a Federal Register Notice of Proposed Rule entitled "TSCA Section 8(a)(7) Reporting and Recordkeeping Requirements for Perfluoroalkyl and Polyfluoroalkyl Substances," which also laid out the "working

definition" and its origin at OPPT. 86 Fed. Reg. 33926, 33929 (June 28, 2021) https://www.federalregister.gov/d/2021-13180/p-56.

14. On October 8, 2021, PEER submitted a FOIA request to EPA seeking:

> 1. All records and communications containing, referencing, regarding, or otherwise arising out of the OPPT's development of the "working definition" referenced on the EPA OPP's "Per- and Polyfluoroalkyl Substances (PFAS) in Pesticide Packaging" website: https://www.epa.gov/pesticides/pfas-packaging.
>
> 2. All records and communications containing, referencing, regarding, or otherwise arising out of the OPPT's development of the "working definition" referenced in EPA's Notice of Proposed Rule dated June 28th, 2021.
>
> 3. All records and communications from any person, including non-employees and contractors, in EPA's possession concerning the development of a definition of PFAS and any further communication in response thereto.

15. On October 8, 2021, EPA assigned this FOIA request tracking number EPA-2022-000180.

16. On October 12, 2021, EPA emailed a letter that informed PEER that the request was assigned to FOIA staff for processing and that: "Pursuant to 40 C.F.R. §2.104(d), an extension of time is necessary to respond to your request. . . . EPA anticipates that the

response will take at least an additional 10 working days to respond. If EPA will require more than the additional 10 working days to respond, our FOIA Program will contact you to provide information on the estimated date of completion."

17. On October 13, 2021, EPA emailed an initial response letter that acknowledged the request and stated: "The amount of time to complete the review and removal of FOIA exemptions will greatly exceed the 20 day response time period under EFOIA due to a limitation of resources to complete the request."

18. On October 13, 2021, EPA emailed a letter approving PEER's request for a FOIA fee waiver, acknowledging that PEER had a non-commercial public interest in the records requested, and therefore finding that PEER would not need to pay any costs for production of the records.

19. On November 3, 2021, EPA again emailed a letter to PEER stating that the request was subject to an "Unusual Circumstances and Extension of Time" and stating that "We estimate completion by March 3, 2022."

20. On March 3, 2022, PEER requested an update on the status of the request and on March 7, 2022, EPA FOIA staff responded: "I am currently completing 2nd review on the documents that are potentially releasable. Once complete, there are about 3-4 weeks worth of processes that have to occur before formal release can occur. I estimate that you should expect a release within 1 month."

21. On March 21, 2022, PEER requested a status update and confirmation that the release would be made as predicted, and on March 25, 2022, EPA FOIA staff responded: "second review has been completed and all responsive documents are currently

undergoing final review. This has been allotted up to 10 business days based upon the volume of records to be reviewed. Therefore, by 4/8/2022 I should have final comments/review of those documents and submit them for final formatting and awareness notification prior to release."

22. On April 8, 2022, PEER requested a status update and on April 11, 2022, EPA FOIA staff responded, "I will get an update to you as soon as possible with an estimated completion date."

23. On April 21, 2022, PEER requested a status update and that day EPA FOIA staff responded: "The review for your documents was delayed due to the absence of a key reviewer for the records. I have been given final approval to send the documents for 'Awareness' review and will provide you with a preliminary completion date tomorrow."

24. EPA FOIA staff did not provide a preliminary completion date on April 22, 2022, or subsequently.

25. Since the request was submitted, PEER has yet to receive any responsive records or a final determination on EPA-2022-000180.

## CAUSE OF ACTION

26. Plaintiff incorporates the allegations in the preceding paragraphs as though fully set forth herein.

27. FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information. FOIA reflects a

"profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure." Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

28. FOIA obligates agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

29. Twenty working days from October 8, 2021, was November 8, 2021.

30. Ten additional working days was November 23, 2021.

31. As of the date of this filing, Plaintiff has not received a final determination on its FOIA request.

32. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having exhausted its administrative remedies for its October 8, 2021, FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by FOIA.

33. Defendant's conduct amounts to a denial of Plaintiff's FOIA request. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding EPA's development of a "working definition" for PFAS.

34. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to

immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

35. Defendant's failure to make determinations on or disclose the documents requested in Plaintiff's FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;

ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;

iii. Maintain jurisdiction over this action until Defendant is in compliance with FOIA, the Administrative Procedure Act, and every order of this Court;

iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on April 28, 2022

_/s/ Hudson Kingston_
Hudson B. Kingston, DC Bar # 1007702

Kevin H. Bell
NY Bar No. 5448626 (pending local admission)
Public Employees for Environmental Responsibility
962 Wayne Ave, Suite 610
Silver Spring, MD 20910
(202) 265-7337
*Attorneys for Plaintiff*